1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
9                        AT TACOMA

10

11   JUSTIN TIMOTHY DE LOACH,

                    Plaintiff,                 CASE NO. 13-cv-05966 BHS
12

13         v.                                  REPORT AND RECOMMENDATION
                                               ON PLAINTIFF'S COMPLAINT
14   CAROLYN W. COLVIN, Acting
     Commissioner of the Social Security       Noting Date: July 18, 2014
15   Administration,

16                  Defendant.

17

18         This matter has been referred to United States Magistrate Judge J. Richard

19   Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

20   4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

21   271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 11, 17.18).

22         After considering and reviewing the record, the Court finds the ALJ failed to

23   properly evaluate the medical opinions of Cristobal Sanchez Metz, M.D. and Ashwin

24

Rao, M.D..  Because these errors were not harmless, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, JUSTIN TIMOTHY DE LOACH, was born in 1980 and was 26 years old on the alleged date of disability onset of August 2, 2006 (*see* Tr. 123, 130). Plaintiff attended school to the tenth grade and has not received a GED (Tr. 36).   Plaintiff has work experience has a forklift operator (Tr. 40-41).

According to the ALJ, plaintiff has at least the severe impairments of "bilateral knee degenerative joint disease, bilateral shoulder degenerative joint disease, right hand carpal tunnel syndrome, bilateral foot pes planus, major depressive disorder, pain disorder, marijuana dependence, and dependent personality traits" (Tr. 12).

At the time of the hearing, plaintiff was living with his mom, his mom's boyfriend, his girlfriend and his dog (Tr. 34).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 79-82, 87-92, 123-29, 130-33). Plaintiff's requested hearing was held before Administrative Law Judge Joanne E. Dantonio ("the ALJ") on January 23, 2012 (*see* Tr. 29-74). On May 25, 2012, the ALJ issued a written decision in

which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 7-28).

On September 5, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981.

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ erred in rejecting the medical opinions of Cristobal Sanchez Metz, M.D. and Ashwin Rao, M.D.; and (2) Whether or not the ALJ's errors were harmless (*see* ECF No. 11, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) Whether or not the ALJ erred in rejecting the medical opinions of Cristobal Sanchez Metz M.D. and Ashwin Rao M.D.

a.   Cristobal Sanchez Metz M.D.

Cristobal Sanchez Metz, M.D., plaintiffs treating provider, completed a physical evaluation on March 22, 2010 for the Washington State Department of Social and Health

Services (Tr. 292-95).  Dr. Sanchez Metz diagnosed plaintiff with markedly severe right

shoulder cuff tear and right knee meniscal tear (Tr. 294).  He also noted plaintiff had

moderately severe right hand carpal tunnel syndrome and that it would affect plaintiff's

ability to perform the basic work-related activity of handling (*id*.).  In support of this

opined limitation, Dr. Sanchez Metz noted plaintiff's positive Tinel and Phalen tests (Tr.

293).  Dr. Sanchez Metz opined plaintiff would be limited to sedentary work (Tr. 294).

The ALJ adopted the opinion of Dr. Sanchez Metz finding it consistent with the

medical evidence of record and consistent with claimant's abilities and activities (Tr. 20).

However, the ALJ did not specifically address plaintiff's carpal tunnel syndrome or the

opined handling limitations.  Plaintiff argues the ALJ's failure to address this portion of

the opinion or incorporate any manipulative limitation into the RFC was legal error (ECF

No. 11, p. 3).  This Court agrees.

The ALJ found plaintiff's right carpal tunnel syndrome to be a severe impairment,

indicating that the condition significantly affected plaintiff's ability to engage in basic

work functions (Tr. 12).  Further, as alluded to by the ALJ at the hearing, Social Security

Ruling 96-9p states that significant manipulative limitations significantly erode the

unskilled sedentary occupational base (Tr. 69).  SSR 96-9p, 1996 SSR LEXIS 6.  As

such, any opined limitations from plaintiff's carpal tunnel syndrome was clearly

significant and probative evidence that the ALJ was required to address.  *See Flores*, 49

F.3d at 570-71.

The Commissioner "may not reject 'significant probative evidence' without

explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v.*

*Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

By not including any manipulative restrictions into her RFC finding, the ALJ implicitly discredited Dr. Sanchez Metz's opined limitation. Therefore, the ALJ's failure to provide any reason, let alone specific and legitimate reasons, to discredit the opinion was legal error.

b. Ashwin Rao, M.D.

Examining physician, Ashwin Rao, M.D., saw plaintiff for a consultative evaluation on June 19, 2007 (Tr. 251-55). Dr. Rao opined that plaintiff was capable of standing and walking for two hours in an eight hour workday, lifting 20 pounds occasionally, and lifting 10 pounds frequently (Tr. 255). Dr. Rao also opined plaintiff would only be able to occasionally reach, handle, feel, grasp, or finger due to his bilateral carpal tunnel syndrome (Id.).

The ALJ gave significant weight to most of Dr. Rao's opinion; however, she discounted the portion regarding the opined manipulative limitations finding it inconsistent with plaintiff's reported abilities and the medical evidence of record (Tr. 20). The ALJ also noted that the record did not show a history of treatment for hand problems (*id.*). Plaintiff argues the ALJ's finding is not supported by substantial evidence (ECF No. 11, pp. 3-6). This Court again agrees.

1    Despite stating plaintiff's activities were inconsistent with Dr. Rao's opinion, the

2    ALJ provided no support for this conclusion (Tr. 20).  The ALJ did discuss plaintiff's

3    activities earlier in the decision; however, it is not clear to this Court that the activities are

4    inconsistent with Dr. Rao's opined manipulative limitations.  The ALJ noted that plaintiff

5    does "household chores including vacuuming, mopping and dishes."  (Tr. 15, 252).  This

6    evidence came from Dr. Rao's report, so clearly he considered this evidence when

7    rendering his opinion and did not find those reported activaties to be inconsistent with his

8    opined limitations.  The ALJ also quoted a note from plaintiff's physician stating that he

9    "enjoys a fast lifestyle and high speed driving, having several current romantic

10   relationships, and regular exercise."  (Tr. 15).  Again, the ALJ did not explain why these

11   activities would be inconsistent with the opined limitation.  Dr. Rao opined plaintiff

12   would be limited to occasional manipulative activities, not that he was completely

13   prohibited from doing anything with his upper extremities.  The ALJ's finding that the

14   opinion was inconsistent with plaintiff's reported activities is not supported by substantial

15   evidence.

16

17   The ALJ also discredited Dr. Rao's opinion finding it inconsistent with the

18   medical evidence (Tr. 20).  However, again, the ALJ provided no support for this finding.

19   Review of the record shows that both Dr. Sanchez Metz and Dr. Rao noted positive Tinel

20   and Phalen testing diagnosing plaintiff's carpal tunnel syndrome (Tr. 294, 254).  The ALJ

21   did note earlier in her decision that plaintiff had an X-ray performed on his hand which

22   showed only minimal degeneration; however, this is not inconsistent with plaintiff's

23   diagnosis of carpal tunnel syndrome (Tr. 17).  Dr. Rao's opined limitations were not

24

based on degenerative disease in plaintiff's hands, but on carpal tunnel syndrome which was properly diagnosed through positive Tinel and Phalen testing.  The ALJ's finding of inconsistency is not supported by substantial evidence in the record.

The ALJ further noted plaintiff's lack of treatment for his hand problems as a reason to discredit Dr. Rao's opinion (Tr. 20).  The ALJ does not explain why plaintiff's lack of treatment has any bearing on Dr. Rao's opinion.  An ALJ may discredit a medical opinion if it is based to a large extent on properly discredited subjective statements.  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999).  Further, the ALJ may discredit plaintiff's subjective statements due to his lack of treatment.  *See* SSR 96-7 1996 SSR LEXIS 4, at *21-*22 ("the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints . . . .  and there are no good reasons for this failure").  Here, plaintiff's credibility was properly discredited and plaintiff has not challenged that finding.  However, the ALJ failed to show that Dr. Rao's opinion was based on plaintiff's subjective statements.  Dr. Rao's opinion was supported by objective testing thus plaintiff's lack of treatment is not a specific and legitimate reason to discredit Dr. Rao's opinion.

(2) Whether or not the ALJ's errors were harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as

a whole to determine [if] the error alters the outcome of the case." *Id.* The court also

noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is

harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

(*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

(other citations omitted). The court noted the necessity to follow the rule that courts must

review cases "'without regard to errors' that do not affect the parties' 'substantial

rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28

U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ erred in failing to properly evaluate the opinions of Dr. Sanchez Metz

and Dr. Rao.  Based on SSR 96-9p, as discussed above, both doctors' opined

manipulative limitations would likely erode the occupational base and alter the disability

determination.  SSR 96-9p, 1996 SSR LEXIS 6.  Thus, the ALJ's errors were not

harmless.

<u>CONCLUSION</u>

The ALJ failed to provide specific and legitimate reasons supported by substantial

evidence to discredit the opinions of Dr. Sanchez Metz and Dr. Rao.

Based on these reasons, and the relevant record, the undersigned recommends that

this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

405(g) to the Acting Commissioner for further consideration.  **JUDGMENT** should be

for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 18**,** 2014, as noted in the caption.

Dated this 23rd day of June, 2014.

J. Richard Creatura
United States Magistrate Judge